DOYLE et al. v. UNGLISH et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

BURDEN OF PROOF.

Where plaintiffs bring an action on an account for moneys loaned, to which defendants answer with a general denial, and set up a counterclaim, and on the trial it appears that the moneys alleged to have been loaned were payments on consignments of goods, the burden of proof as to the terms of the contract set up by defendants was on plaintiffs, who were bound to prove that the indebtedness existed, and the form in which they put their complaint could not change the real issue.

Appeal from special term, Monroe county.

Action by Michael Doyle and another against John F. Unglish and another to recover for moneys loaned. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

M. H. Briggs, for appellants.

J. H. Chadsey, for respondents.

MACOMBER, J. This action was in form upon an account against the defendants for moneys loaned by the plaintiffs to them in the sum of $3,135. The complaint admitted payment of $2,085.56 upon such indebtedness. The answer was a general denial, payment, and a counter-claim amounting to $102.29. Upon the trial, the real facts of the dealings of the parties were disclosed, which showed that the moneys which were alleged to have been loaned to the defendants by the plaintiffs were payments upon consignments of dried apples at an agreed price, and that drafts were drawn by the defendants upon the plaintiffs for the amount of goods as they were delivered, or as nearly as they might be, and which drafts were actually so honored and paid by the plaintiffs, to the amount of $3,143. The jury rendered a verdict for the defendants for the amount of their counterclaims.

The only point made upon this appeal relates to the refusal of the court to charge the jury, as was requested by the appellants, that the burden of proof as to the terms of the contract set up by the defendants was upon them, and in charging to the contrary, that the burden of proof thereof was upon the plaintiffs themselves. The plaintiffs demanded a judgment for a balance of $1,063.44, with interest, and, to entitle them to recover that sum, or any other sum, they were bound to prove that such indebtedness existed against the defendants. The form in which the plaintiffs saw fit to put their complaint, namely, for moneys loaned and advanced, did not change, upon the trial, the real issue. Their allegations were denied by the defendants, and it was incumbent, therefore, upon the plaintiffs to establish ·them before a recovery could be had. The right of the plaintiffs to recover anything depended wholly as the jury was properly instructed upon the term of the contract of purchase and sale existing between the parties. It was fully explained to the jury by the learned trial justice that, if the contract for the sale and delivery of the dried apples was as claimed by the plaintiffs, a recovery should be had by them for the amount claimed in the complaint;

but that, on the contrary, if the contract was in accordance with the terms alleged by the answer and sworn to by the defendants, there would not only be nothing due to the plaintiffs, but that the defendants would be entitled to recover the amount of their counterclaim. This was purely a question of fact for the determination of the jury, and they have found, as is to be presumed, in the absence of a case containing all the testimony, a verdict fully sustained by the evidence. It follows that the judgment appealed from should be affirmed. All concur.